**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| **RONNIE ELVINGTON and** | ) | |
| **BETSY ELVINGTON, Husband** | ) | |
| **And Wife,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.:3:18-cv-120** |
| | ) | **JURY TRIAL DEMANDED** |
| **PHENIX CITY BOARD OF** | ) | |
| **EDUCATION, RUSSELL COUNTY** | ) | |
| **DEPARTMENT OF HUMAN** | ) | |
| **RESOURCES, THOMAS VICKERS,** | ) | |
| **individually, RANDY WILKES,** | ) | |
| **individually, ANTONIO GRIFFIN,** | ) | |
| **individually, KIMBERLY PRICE,** | ) | |
| **individually, JASON SASSER,** | ) | |
| **individually, DAVID JONES** | ) | |
| **individually, PAUL STAMP,** | ) | |
| **individually, MESHA PATRICK,** | ) | |
| **individually, PATRICIA ALEXANDER,** | ) | |
| **individually, BRADY BAIRD,** | ) | |
| **individually, JOHN DONOHUE,** | ) | |
| **individually, FRAN ELLIS,** | ) | |
| **individually, WILL LAWRENCE,** | ) | |
| **individually, and JAN CASTEEL,** | ) | |
| **individually.** | ) | |
| **Defendants.** | ) | |

**SECOND AMENDED COMPLAINT**

**COME NOW,** Plaintiffs Ronnie Elvington and Betsy Elvington, Husband and Wife,

complaining of the acts and omissions to act of the Defendants Phenix City Board of Education,

Russell County Department of Human Resources, Thomas Vickers, individually, Randy Wilkes,

individually, Antonio Griffin, individually, Kimberly Price, individually, Jason Sasser,

individually, David Jones, Paul Stamp, individually, Mesha Patrick, individually, Patricia

Alexander, individually, Brady Baird, individually, John Donohue, individually, Fran Ellis,

individually, Will Lawrence, individually, and Jan Casteel, individually.  Further, Plaintiffs bring

this civil rights action to redress the deprivation under color of state law of the rights, privileges, and immunities that are secured to Plaintiffs by the laws and Constitution of the United States and the State of Alabama.  Plaintiffs bring this action pursuant to 42 U.S.C. § 1983 (hereinafter "§ 1983") to enforce the Fourth and Fourteenth Amendments to the United States Constitution, for injuries suffered by them from Defendants' wrongful actions.

## PARTIES

1.      Plaintiff, Ronnie Elvington ("Mr. Elvington"), is an adult over the age of nineteen (19) years and a citizen of the United States and residing at 3813 Lynn Drive in Phenix City, Alabama 36867.

2.      Plaintiff, Betsy Elvington ("Mrs. Elvington"), is an adult over the age of nineteen (19) years and a citizen of the United States and residing at 3813 Lynn Drive in Phenix City, Alabama 36867.

3.      Plaintiffs, Ronnie Elvington and Betsy Elvington, are lawfully married as Husband and Wife.

4.      Defendant Russell County Department of Human Resources, located in Russell County, Alabama, is an agency of Russell County responsible for licensing, monitoring, and overseeing individuals charged with the responsibility of protecting children within Russell County.

5.      Defendant Jan Casteel is an individual over the age of nineteen (19) years and a citizen of the United States.  Pursuant to Federal Rules of Civil Procedure 25(d), substitution of an officer to the officer's successor is appropriate.  At all times material to this complaint, Casteel is an employee of the Russell County Department of Human Resources as the Director and supervisor.  As an agent of the Russell County Department of Human Resources, Casteel acted

with the authority vested in her by the Russell County Department of Human Resources.  She is being sued in her individual capacity.

6.      Defendant Kimberly Price is an individual over the age of nineteen (19) years and a citizen of the United States.  At all times material to this complaint, Price was an employee of the Russell County Department of Human Resources as a case worker.  As an agent of the Russell County Department of Human Resources, Price acted with the authority vested in her by the Russell County Department of Human Resources.  She is being sued in her individual capacity.

7.      Defendant, Phenix City Board of Education, is a local, political subdivision organized under the laws of the State of Alabama.

8.      Defendant Thomas Vickers is an individual over the age of nineteen (19) years and a citizen of the United States.  At all times material to this complaint, Vickers was an employee of the Phenix City Board of Education as the Principal of Central High School.  As an agent of the Phenix City Board of Education, Vickers acted with the authority vested in him by the Phenix City Board of Education.  He is being sued in his individual capacity.

9.      Defendant Randy Wilkes is an individual over the age of nineteen (19) years and a citizen of the United States.  At all times material to this complaint, Wilkes was an employee of the Phenix City Board of Education as the Superintendent of Schools.  As an agent of the Phenix City Board of Education, Wilkes acted with the authority vested in him by the Phenix City Board of Education.  He is being sued in his individual capacity.

10.     Defendant Antonio Griffin is an individual over the age of nineteen (19) years and a citizen of the United States.  At all times material to this complaint, Griffin was an employee of the Phenix City Board of Education as the Assistant Principal of Central High School.  As an agent

of the Phenix City Board of Education, Griffin acted with the authority vested in him by the Phenix City Board of Education.  He is being sued in his individual capacity.

11.     Defendant Jason Sasser is an individual over the age of nineteen (19) years and a citizen of the United States.  At all times material to this complaint, Sasser was an employee of the Phenix City Board of Education as the Assistant Principal of Central High School.  As an agent of the Phenix City Board of Education, Sasser acted with the authority vested in him by the Phenix City Board of Education.  He is being sued in his individual capacity.

12.     Defendant David Jones is an individual over the age of nineteen (19) years and a citizen of the United States.  At all times material to this complaint, Jones was an employee of the Phenix City Board of Education as the Special Education Coordinator.  As an agent of the Phenix City Board of Education, Jones acted with the authority vested in him by the Phenix City Board of Education.  He is being sued in his individual capacity.

13.     Defendant Bonnie Burns is an individual over the age of nineteen (19) years and a citizen of the United States.  At all times material to this complaint, Burns was an employee of the Phenix City Board of Education as the Direct of Special Services.  As an agent of the Phenix City Board of Education, Burns acted with the authority vested in her by the Phenix City Board of Education.  She is being sued in her individual capacity.

14.     Defendant Paul Stamp is an individual over the age of nineteen (19) years and a citizen of the United States.  At all times material to this complaint, Stamp was a member of the Phenix City Board of Education School Board as President.  As an agent of the Phenix City Board of Education, Stamp acted with the authority vested in him by the Phenix City Board of Education.  He is being sued in his individual capacity.

15.     Defendant Mesha Patrick is an individual over the age of nineteen (19) years and a citizen of the United States.  At all times material to this complaint, Patrick was a member of the Phenix City Board of Education School Board as Vice President.  As an agent of the Phenix City Board of Education, Patrick acted with the authority vested in her by the Phenix City Board of Education.  She is being sued in her individual capacity.

16.     Defendant John Donahue is an individual over the age of nineteen (19) years and a citizen of the United States.  At all times material to this complaint, Donahue was a member of the Phenix City Board of Education School Board.  As an agent of the Phenix City Board of Education, Donahue acted with the authority vested in him by the Phenix City Board of Education.  He is being sued in his individual capacity.

17.     Defendant Patricia Alexander is an individual over the age of nineteen (19) years and a citizen of the United States.  At all times material to this complaint, Alexander was a member of the Phenix City Board of Education School Board.  As an agent of the Phenix City Board of Education, Alexander acted with the authority vested in her by the Phenix City Board of Education.  She is being sued in her individual capacity.

18.     Defendant Will Lawrence is an individual over the age of nineteen (19) years and a citizen of the United States.  At all times material to this complaint, Lawrence was a member of the Phenix City Board of Education School Board.  As an agent of the Phenix City Board of Education, Lawrence acted with the authority vested in him by the Phenix City Board of Education.  He is being sued in his individual capacity.

19.     Defendant Brady Baird is an individual over the age of nineteen (19) years and a citizen of the United States.  At all times material to this complaint, Baird was a member of the Phenix City Board of Education School Board.  As an agent of the Phenix City Board of Education,

Baird acted with the authority vested in her by the Phenix City Board of Education.  He is being sued in his individual capacity.

20.     Defendant Fran Ellis is an individual over the age of nineteen (19) years and a citizen of the United States.  At all times material to this complaint, Ellis was a member of the Phenix City Board of Education School Board.  As an agent of the Phenix City Board of Education, Ellis acted with the authority vested in her by the Phenix City Board of Education.  She is being sued in her individual capacity.

### JURISDICTION AND VENUE

21.     This Court has jurisdiction over the claims in this action pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and (4), and 1376.  The Court has supplementary jurisdiction over the state law claims.

22.     Plaintiff's claims herein arise out of an incident involving the Phenix City Board of Education, the Russell County Department of Human Resources, State of Alabama, and within this judicial district.  Thus, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

23.     Plaintiff timely filed notice of his claim within the required time period for Russell County pursuant to *Alabama Code* § 11-12-8 (1975).

### FACTS RELATING TO MR. ELVINGTON'S ACCIDENT

24.     Mr. Elvington was employed as a full time paraprofessional at Central High School beginning in 2014.  Mr. Elvington worked with the school's special needs students.

25.     On or around August 5, 2014, Plaintiff Elvington signed an employment agreement that was approved by the Phenix City Board of Education and its members.  Defendant Wilkes signed Mr. Elvington's employment agreement.  The Agreement set out Mr. Elvington's role as a

Special Needs Aide and his salary was for and in consideration of the agreement between Mr. Elvington, the PCBOE and its members and Defendant Wilkes in his position as Superintendent.

26.     Mr. Elvington served as a substitute teacher in previous years and was familiar with the students and the PCBOE Defendants and the School Officials Defendants.

27.     Defendants Phenix City Board of Education and its defendant members (hereinafter "PCBOE Defendants") approved the student code of conduct which each student is required to comply with.

28.     The code of conduct states student responsibilities with regard to behavior, attendance and the like.  The code of conduct also determines certain prohibited actions or offenses.  The code of conduct determines three classes of offenses: Class I-Minor offenses, Class-intermediate offenses II, Class II-major offenses. For each type, specific violations are listed and the disciplinary disposition is described.

29.     In the code of conduct, it is expressly prohibited for a student to assault, threaten, strike, by word or act, any school board employee.  Such behavior is also prohibited by a student to another student.  Additionally, unauthorized touching of other students is prohibited.

30.     Prior to the incidents which are the basis of this complaint, Mr. Elvington notified PCBOE Defendants and Defendants Wilkes, Vickers, Burns, Griffin, Sasser, Jones (hereinafter "School Officials Defendants") on several occasions regarding the violent incidents of K.U. and other students.  Mr. Elvington expressed his concern for the safety of other students and employees.

31.     Mr. Elvington specifically emailed Defendants Vickers, Griffin, and Wilkes regarding the dangerous situations which had occurred from a few students in his classroom.  Mr. Elvington also spoke specifically with Defendant Stamp on multiple occasions regarding these issues.

7

32.     PCBOE Defendants and School Officials Defendants were aware of previous incidents involving student K.U. and his violent behavior.  Defendants were also informed of student K.U.'s history of touching other students in the halls in an inappropriate and sexual manner.

33.     On or around March 13, 2016, Plaintiff Elvington wrote a letter to Montray Thompson and copied Defendants Randy Wilkes, Bonnie Burns, Tommy Vickers, and Antonio Griffin.

34.     In the letter, Plaintiff Elvington stated his grave concern regarding two particular students, T.R. and K.U., who had displayed volatile and dangerous behavior towards other students as well as school staff.  Plaintiff Elvington stated that the safety of the other students as well as the staff is a concern with these two students and places the school in a vulnerable position should either of these students harm anyone.

35.     On or around March 15, 2016, Plaintiff Elvington had a surgical procedure that put a defribulator/pacemaker in his chest.  Plaintiff Elvington stayed out of work on leave to recover until he was released by the doctor on April 18, 2016.

36.     On or around May 11, 2016, Plaintiff was informed that his contract for employment with the school as a paraprofessional would not be renewed for the following year.

37.     On or about May 19, 2016, Plaintiff Elvington was performing his job duties in a class wherein student K.U. was present. At approximately 3:00 p.m., K.U. told Plaintiff Elvington that he wanted to go home.  Plaintiff Elvington informed K.U. that school is almost over for the day and he would be going home soon but he needed to remain seated in the meantime.

38.     After making that statement to K.U., Plaintiff Elvington turned around to continue working.  He then heard another student yell at him, "Mr. E! Watch out!"

8

39.     As he turned around to see what was happening, K.U. pushed Plaintiff Elvington up against the wall in the classroom and then punched Plaintiff Elvington with a closed fist in Plaintiff's chest.

40.     In an effort to get K.U. off of him, Plaintiff Elvington acted quickly and held K.U. restrained until the other teachers in the room could get over to him and assist him so that K.U. did not injure himself or other students in the classroom.  The other teachers present were Ms. Amelia McQuiston and Ms. Sandra Johnson.

41.     Plaintiff Elvington was quite shaken up from the incident and went home after the situation was under control by the other teachers in the room.

42.     Shortly after Plaintiff Elvington arrived home, he received a phone call from Defendant Sasser who asked Plaintiff to describe the incident.  Defendant Sasser told Plaintiff to stay out of school until Defendant Sasser could speak to Defendant Vickers about the incident.

43.     On or around May 20, 2016, Plaintiff went up to the school to speak to Defendant Vickers regarding the incident but Defendant Vickers could not be located so Plaintiff spoke with Defendant Griffin.

44.     Defendant Griffin told Plaintiff that he needed to discuss the incident with the school resource officer though he could not be located at the time.  Defendant Griffin then instructed Plaintiff to go home and that he should wait for a call from the resource officer.  Before leaving, Plaintiff gave Defendant Griffin all his school keys and asked that he be on leave without pay for the remaining week that was left in the school year.

45.     Plaintiff was not contacted again by any of the school administration.  The School Officials Defendants and the PCBOE Defendants failed to investigate the incident further, which

is a violation of their own policies and procedures.  Defendants' inaction was willful and beyond their authority and discretionary functions.

46.     On or around June 21, 2016, Plaintiff went to his cardiologist for a shock test for his pacemaker.  After the test, it was determined that it was not functioning properly because it had been dislodged after K.U. punched Plaintiff in the chest.

47.     On or around July 5, 2016, Plaintiff had to undergo a second surgery to correct the positioning of the pacemaker. This resulted in additional rehab and recovery after the surgery.

48.     On or around July 8, 2016, Defendant Price showed up at Plaintiff's home and provided Plaintiff with an investigation result of "indicated" for an allegation of child abuse of K.U. from the May 19, 2016 incident.  Plaintiff had not been notified or interviewed regarding the allegations despite the state administrative code's requirement of notification and interview before reaching a conclusion of the investigation. After Defendant Price spoke with Plaintiff Elvington, she went to her car and returned with the typewritten letter dated for the same day with a determination of "indicated."  Florence Bellamy signed the determination letter as well in her supervisory capacity and her personal involvement with the investigation.  Ms. Bellamy is no longer employed in that position and therefore, Defendant Casteel is the appropriate substitute party.

49.     On or around July 13, 2016, Plaintiff's cardiologist wrote a letter that the dislodgment could have been dislodged as a result of the impact of the punch in the chest from K.U.  Additionally, Mr. Elvington confirmed from "event documentation" produced from his pace maker that the dislodgement occurred during the time frame of receiving the blow to his chest by student K.U.

50.     Plaintiff notified Defendant Russell County Department of Human Resources in writing within ten days after receiving the investigation results on July 8, 2016 that he intended to contest the findings and have an administrative hearing.

51.     Plaintiff's administrative hearing was held nearly eight (8) months later on March 2, 2017 and the Administrative Law Judge Prendergast, after hearing testimony of witnesses and of DHR employee Defendant Price, wrote an opinion on the incident and DHR's investigation and outcome.

52.     On or around March 20, 2017, the opinion from Judge Prendergast was issued.  The ruling was in favor of Plaintiff Elvington and the determination of "indicated" was held to be incorrect because Plaintiff Elvington was physically assaulted by K.U.

53.     Defendants Wilkes, Burns, Vickers, and Griffin acted with deliberate indifference when they were aware of the dangers posed to other students and staff by student K.U.  Their deliberate indifference is sufficient to rise to the level of a constitutional violation of Plaintiff Elvington's constitutional right to due process under the Fourteenth Amendment. Such deliberate indifference is accompanied by PCBOE Defendants' and School Officials Defendants' failure to implement and follow the rules and regulations as set out in their student code of conduct.

54.     Indeed, Mr. Elvington made such numerous reports regarding student K.U. and others, but was told he could not do anything due to the student's behavioral disability.  Mr. Elvington and the classroom staff were told by the School Officials Defendants to overlook student K.U.'s behavior because his parents have a lawyer who would get involved and cause trouble for the school system.

55.     At all times material to this Complaint, Defendants Wilkes, Burns, Vickers, and Griffin were subject to the guidance and decisions of Defendant Phenix City Board of Education and its members, Defendants Stamp, Patrick, Donahue, Alexander, Lawrence, Baird, and Ellis.

56.     Defendants Casteel's and Price's failure to follow standard policies and procedures violated Alabama Code § 11-47-190 because of their neglect, carelessness, and/or unskillfulness in the line of performing their job functions/duties.  Additionally, Defendants Casteel and Price were not in performance of any discretionary function by their failure and/or refusal to follow the required procedures and interview Plaintiff Elvington before making a determination of "indicated" in their investigation of the alleged abuse of student K.U.

57.     Defendant Russell County DHR's policy, pattern, and practice of allowing its employees to fail to adhere to the specified rules and procedures as laid out in the Alabama Administrative Code §§ 660-5-34.05(1)(e), 660-5-34.05(4)(j) is a violation of Plaintiff Elvington's constitutional rights, specifically his substantive due process rights to bodily integrity under the Fourteenth Amendment.

58.     Plaintiff Elvington suffered general and special damages as a direct and proximate cause of the violation of Plaintiff's constitutional rights by Defendants Russell County Department of Resources and Price and is entitled to relief under 42 U.S.C. § 1983.

59.     Plaintiff demands judgment against the remaining Defendants for compensatory and punitive damages as allowed by law, plus the costs of this action.

60.     As a result of Plaintiff Elvington's damages, Plaintiff Betsy Elvington seeks damages from Defendants for the loss of consortium, services, and society of her spouse due to the injuries sustained in the circumstances giving rise to this suit.

61.     Plaintiff Betsy Elvington demands judgment against all Defendants for all damages allowable under Alabama law, plus the costs of this action.

62.     Plaintiff timely filed notice of his claim within the required time period for Russell County pursuant to *Alabama Code* §§ 11-12-8 (1975).

**COUNT I:**
**42 USC § 1983**
**ALL DEFENDANTS**

63.     Plaintiffs reallege and specifically incorporate by reference the facts and allegations of paragraphs 1-62 as if fully set forth hereinbelow.

64.     Defendants acted under color of state law to deprive Plaintiff of certain constitutionally protected rights under the Fourth and Fourteenth Amendments to the Constitution of the United States including but not limited to the right to be free from unreasonable searches and seizures; and the right not to be deprived of liberty or property without due process of law.

65.     The Defendants' actions and inactions constitute unreasonable seizures and detentions in contravention of the Fourth amendment, actionable pursuant to 42 U.S.C. § 1983.

66.     The Defendants' actions and inactions constitute a deprivation of liberty without due process of law in contravention of the Fourteenth amendment, actionable pursuant to 42 U.S.C. § 1983.

67.     Plaintiff seeks compensatory and punitive damages against Defendants, attorneys' fees and costs of suit.

68.     Plaintiff reserves the right to proceed with any and all claims which the facts averred in this Complaint support, pursuant to the notice pleading requirements of the *Federal Rule of Civil Procedure* 8.

13

## COUNT II:
### 42 USC § 1983—FAILURE TO TRAIN AND SUPERVISE; INADEQUATE SUPERVISION
### ALL DEFENDANTS EXCEPT PRICE

69.     Plaintiffs reallege and specifically incorporate by reference the facts and allegations of paragraphs 1-68 as if fully set forth hereinbelow.

70.     Defendants promulgated a custom or policy of inadequate training and supervision that demonstrated deliberate indifference to and led to the constitutional violations that deprived Plaintiff of his constitutional rights which included allowing and failing to supervise Defendant Price to adequately perform the investigation into an alleged child abuse report involving Plaintiff Elvington. Such inadequate training/supervision resulted in an improper, incorrect, and unfounded determination of "indicated." Such violations are attributable to inadequate training of Russell County DHR employees.  The policies are so widespread and so permanent and well-settled as to constitute a custom or use with the force of law.

71.     PCBOE Defendants and the School Officials Defendants acted willfully, in bad faith, and beyond their authority after they were notified on numerous occasions of the physical safety concerns and previous incidents as it relates to student K.U. and did nothing and told school administration that no corrective measures were to be taken.  Such failure violates the code of conduct for PCBOE and therefore, Defendants decision not to act was beyond their authority, willful, and in bad faith.

72.     As a result of said deliberate indifference to Plaintiff's rights, Plaintiff has suffered damages for which he has not been compensated.  Plaintiff is therefore, entitled to relief under 42 U.S.C. § 1983.

73.     Defendants DHR and Casteel had a duty to adequately train and supervise their employees on the appropriate procedures for the proper investigative procedures for reports of

14

child abuse and Defendants had a duty to intervene when an individual's constitutional rights are being violated, which included allowing Defendant Price to conclude an investigation without speaking to all parties involved, specifically the accused. Such a failure to perform a specific duty directly resulted in Mr. Elvington's Fourth Amendment and the due process clause of the Fourteenth Amendment.

74.   Defendants DHR and Casteel failed to adequately supervise and inspect Defendant Price by their failure to notify and interview the person being investigated.  Defendant Casteel did so by Ms. Bellamy's signature approving the conclusion of "indicated" for an investigation that was not properly performed, was not properly supervised, and Defendant Casteel directed her subordinate, Defendant Price, to fail to perform a specific duty.

75.   Defendant Casteel was personally involved and participated in the violation of Mr. Elvington's constitution rights to be free from illegal searches and seizures under the Fourth Amendment and his deprivation of life, liberty, and property under the Fourteenth Amendment, by and through Ms. Bellamy when she personally approved and signed the July 8, 2016 letter with a determination of "indicated."   Such behavior in allowing such action and inaction is grossly negligent and sufficient to rise to the level of deliberate indifference due to the personal participation and causal connection of approval which resulted in the violation of Mr. Elvington's constitutional rights.  Defendants had a specific duty to ensure that Mr. Elvington, as the person being investigated, was required by Alabama Administrative Code §§ 660-5-34.05(1)(e), 660-5-34.05(4)(j) to be notified of the allegation of abuse and to be interviewed regarding the allegations. Defendants failed to perform these specific duties.

76.     PCBOE Defendants and School Officials Defendants failed to adequately train and supervise the school administration when it prevented the administration from taking the appropriate measures to prevent harm, as required by PCBOE policies and code of conduct.

77.     In committing the acts complained of, Defendants acted under color of state law to deprive Plaintiff of certain constitutionally protected rights under the Fourth and Fourteenth Amendments to the Constitution of the United States including but not limited to the right to be free from unreasonable searches and seizures; and the right not to be deprived of liberty or property without due process of law.   Plaintiff seeks compensatory and punitive damages against Defendants, attorneys' fees and costs of suit.

**WHEREFORE, PREMISES CONSIDERED**, Mr. & Mrs. Elvington demand judgment against these Defendants in an amount in excess of $75,000.00 plus interest, costs, and further relief as the Court may deem appropriate.

### COUNT III:
### 42 USC § 1983—FAILURE TO IMPLEMENT APPROPRIATE POLICIES, CUSTOMS, AND PRACTICES AND/OR USE OF UNCONSTITUTIONAL POLICIES CUSTOMS, PRACTICES ALL DEFENDANTS

78.      Plaintiffs reallege and specifically incorporate by reference the facts and allegations of paragraphs 1-77 as if fully set forth hereinbelow.

79.     Defendants, implicitly or explicitly, adopted and implemented careless and reckless policies, customs, or practices that included allowing Defendant Price to complete and conclude an investigation of child abuse without interviewing all involved parties.  Defendants' failure to perform these specific duties directly resulted in the constitutional deprivations of Mr. Elvington.

80.     Defendants condoned and/or implemented official policy, written or unwritten, which caused the unconstitutional violations of Plaintiff in the manner in which a child abuse report was incorrect and improperly handled by Defendant Price; such violations are attributable

to inadequate training.  The policies are so widespread and so permanent and well-settled as to constitute a custom or use with the force of law.

81.    Defendants acted in bad faith, beyond their authority and/or in a mistaken interpretation of law.  Defendants Price and Casteel acted outside their discretionary functions and authority when they decided not to notify or interview Mr. Elvington regarding the allegations of child abuse.  Their conduct resulted in the violations of clearly established statutory and/or constitutional rights under the Fourth and Fourteenth Amendments of which a reasonable person would have known.

82.    Defendants' failure to implement the requirements of the Alabama Administrative Code §§ 660-5-34.05(1)(e), 660-5-34.05(4)(j) resulted in the violations of Mr. Elvington's constitutional rights under the Fourth and Fourteenth Amendments.  Further, Defendants failure to follow said administrative requirements is also the use or practice of exercising unconstitutional policies/practices of not informing and interviewing those accused of child abuse.

83.    PCBOE Defendants and School Officials Defendants failed to follow their own policies regarding violent behavior by a student to an employee.  Further, Defendants' instruction to school administration specifically not to follow the proper policies and procedures was willful, in bad faith, and outside the scope of their authority.  It also resulted in the constitutional violations made the basis of this complaint.

84.    In committing the acts complained of, Defendants acted under color of state law to deprive Plaintiff of certain constitutionally protected rights under the Fourth and Fourteenth Amendments to the Constitution of the United States including but not limited to the right to be free from unreasonable searches and seizures; and the right not to be deprived of liberty or property

17

without due process of law. Plaintiff seeks compensatory and punitive damages against Defendants, attorneys' fees, costs of suit, and all damages allowable under the law.

**WHEREFORE, PREMISES CONSIDERED**, Mr. & Mrs. Elvington demand judgment against Defendants, jointly and severally, in an amount in excess of $75,000.00 plus interest, costs, and further relief as the Court may deem appropriate.

### COUNT IV:
### NEGLIGENCE
### ALL DEFENDANTS

85.     Plaintiffs reallege and specifically incorporate by reference the facts and allegations of paragraphs 1-84 as if fully set forth hereinbelow.

86.     Defendants Russell County DHR, Casteel, and Price acted beyond their authority as they individually and collectively negligently failed to discharge their duties as set forth pursuant to the regulations promulgated by DHR as set forth in Alabama Administrative Code, Chapter 660-5-34. Their failure to follow very clear requirements directly resulted in the constitutional violations of Mr. Elvington. This failure and inaction amounts to gross negligence.

87.     Defendants Phenix City Board of Education, Vickers, Wilkes, Griffin, Sasser, Jones, Stamp, Patrick, Alexander, Baird, Donohue, Ellis, Lawrence, and Burns acted beyond their authority as they individually and collectively negligently failed to discharge their duties, policies/procedures, and the Central High School policies/procedures. This occurred when the school officials (Defendants Wilkes, Vickers, Burns, Griffin, Sasser, Jones) individually, and/or collectively took actions to improperly reported an incident of child abuse to DHR, through their failure to investigate the incident further, and through their refusal to take the appropriate and required steps to ensure the safety of the students and staff when they received notice several times and were aware of a history of incidents involving K.U.'s violent and disruptive behavior.

18

88.     PCBOE Defendants School Officials Defendants were negligent when they too failed to take the appropriate and required steps after receiving numerous reports regarding previous incidents involving K.U.'s violent and sexually harassing behavior of other students. The Defendants even brought in a third party to evaluate/assess K.U. regarding his behavior prior to the incident that is the basis of this complaint.

89.     As a direct and proximate result of said Defendants' negligence, Plaintiff suffered serious emotional distress and the loss of property and employment; humiliation, embarrassment, and damage to reputation.

**WHEREFORE, PREMISES CONSIDERED**, Mr. & Mrs. Elvington demand judgment against all Defendants, jointly and severally, in an amount in excess of $75,000.00 plus interest, costs, and further relief as the Court may deem appropriate.

### COUNT V:
### BREACH OF DUTY OF CARE TO PROVIDE SAFE WORK ENVIRONMENT
### DEFENDANTS PHENIX CITY BOARD OF EDUCATION, WILKES, BURNS, JONES, VICKERS, GRIFFIN, SASSER, STAMP, PATRICK, DONOHUE, ALEXANDER, LAWRENCE, BAIRD, AND ELLIS

90.     Plaintiffs reallege and specifically incorporate by reference the facts and allegations of paragraphs 1-89 as if fully set forth hereinbelow.

91.     Defendants were notified of the problematic behavior of K.U. and ignored any requests by Plaintiff Elvington to address the situation to ensure the safety of the other students and the staff.  In fact, after Plaintiff Elvington notified the Defendants of the major concerns by formal letter, Plaintiff Elvington's employment contract was not renewed.  As a result of Defendants' deliberate indifference, Plaintiff Elvington was injured substantially.

92.     As a direct and proximate result of said Defendants' decision to specifically not take appropriate and necessary measures to protect other students and employees, Plaintiffs suffered serious emotional distress and the loss of property and employment; humiliation,

embarrassment, and damage to reputation.  Plaintiffs seek compensatory and punitive damages against Defendants, attorneys' fees, costs of suit and all damages allowable by law.

### COUNT VI:
### BREACH OF CONTRACT
**DEFENDANTS PHENIX CITY BOARD OF EDUCATION, WILKES, BURNS, JONES, VICKERS, GRIFFIN, SASSER, STAMP, PATRICK, DONOHUE, ALEXANDER, LAWRENCE, BAIRD, AND ELLIS**

93.     Plaintiffs reallege and specifically incorporate by reference the facts and allegations of paragraphs 1-92 as if fully set forth hereinbelow.

94.     Defendants are obligated by contract and common law to act in good faith and to deal fairly with each teacher within the Phenix City school district, including Plaintiff Elvington.

95.     As a direct and proximate result of said Defendants' actions regarding how to handle student K.U after numerous notifications of safety concerns, Defendants breached their duties and obligations owed to Mr. Elvington as a contracted employee.  As a result, Plaintiffs suffered serious emotional distress and the loss of property and employment; humiliation, embarrassment, and damage to reputation.  Plaintiffs seek compensatory and punitive damages against Defendants, attorneys' fees and costs of suit.

### COUNT VII:
### PREMISES LIABILITY
**DEFENDANTS PHENIX CITY BOARD OF EDUCATION, WILKES, BURNS, JONES, VICKERS, GRIFFIN, SASSER, STAMP, PATRICK, DONOHUE, ALEXANDER, LAWRENCE, BAIRD, AND ELLIS**

96.     Plaintiffs reallege and specifically incorporate by reference the facts and allegations of paragraphs 1-95 as if fully set forth hereinbelow.

97.     At the time and on occasion in question, Plaintiff was an employee-invitee on Defendants' property having gone there for the purpose of performing his duties as a teacher and employee of the Phenix City School District.

98.     Defendants knew, or in the exercise of ordinary care, should have known of the unreasonably dangerous condition and did not correct it.

99.     Plaintiffs reasonably believe there would be adequate disciplinary measures and adequate protection provided.  Defendants' failure to correct the condition or to warn Plaintiff consisted of negligence, and such negligence was a proximate cause of the occurrence in questions and the Plaintiff's resulting injuries.

100.    Plaintiff's conduct at the time in question was at all times reasonable and prudent, and nothing about Plaintiff's conduct caused or contributed to this incident.

101.    As a proximate result of the occurrence described above, Plaintiff Elvington, suffered severe personal injuries including but not limited to trauma to his heart/chest.

102.    The Plaintiff has suffered great physical pain and mental anguish due to such injuries in the past, and, in reasonably probability, will continue to suffer such pain and anguish in the future.

103.    As a result of such injuries, Plaintiff has been physically and psychologically impaired and continues to be so impaired in the future.

104.    As a further result of the injuries described above, the Plaintiff has incurred medical expenses and, in reasonable probability, will continue to incur such expenses in the future.

105.    As a result of the personal injuries and economic damages set out in the foregoing paragraphs, the Plaintiff claims all damages allowable by law.

## COUNT VIII:
### LOSS OF CONSORTIUM
### ALL DEFENDANTS

106.    Plaintiffs reallege and specifically incorporate by reference the facts and allegations of paragraphs 1-105 as if fully set forth hereinbelow.

107.    Plaintiff Betsy Elvington seeks damages from Defendants for the loss of consortium, services, and society of her spouse due to the injuries sustained in the events and circumstances giving rise to this suit.

**WHEREFORE**, **PREMISES CONSIDERED**, Plaintiffs Ronnie Elvington and Betsy Elvington demand judgment against all Defendants for all damages allowable under Alabama law, plus the costs of this action.

**JURY DEMAND**

Plaintiffs, Ronnie Elvington and Betsy Elvington, demand a trial by jury as to all issues so triable.

Respectfully submitted,

**AGRICOLA LAW, LLC**

/s/ Barbara H. Agricola (AGR004)
127 South 8th Street
Opelika, Alabama 36801
Phone: 334.759.7557
Fax: 334.759.7558
barbara@agricolalaw.com
www.agricolalaw.com
*Attorneys for Plaintiffs, Ronnie Elvington*
*& Betsy Elvington, h/w*

**Please Serve the Defendants by Certified Mail**:
Jan Casteel
Russell County DHR
1003 25th Avenue
Phenix City, Alabama 36867

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a copy of the foregoing document upon the following counsel of record via CM/ECF electronic transmission and/or by placing same in the U.S. Mail, postage prepaid on this the 23rd day of April, 2018.

**<u>Counsel for Defendants Phenix City Board of Education, Baird, Alexander, Stamp, Donohoe, Lawrence, Ellis, & Patrick</u>**:
Diane Gamble
Hill, Hill, Carter, Franco, Cole, & Black, P.C.
425 South Perry Street
Montgomery, Alabama 36104

**<u>Counsel for Defendants Wilkes, Vickers, Sasser, Griffin, Jones, & Burns</u>**:
Holbrook E. Reid
Ball, Ball, Matthews, & Novak, P.A.
P.O. Box 2148
Montgomery, Alabama 36102-2148

/s/ Barbara H. Agricola
**OF COUNSEL**

23