IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| RONNIE ELVINGTON, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:18-CV-120-WKW |
| | ) | [WO] |
| PHENIX CITY BOARD OF EDUCATION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# **ORDER**

On February 14, 2019, the Magistrate Judge filed a Recommendation (Doc. # 79) that the pending motions to dismiss (Docs. # 63, 65, 67) be granted. The Magistrate Judge further recommended dismissal without prejudice of Plaintiffs' state-law claims under 28 U.S.C. § 1367. On February 28, 2019, Plaintiffs Ronnie and Betsy Elvington filed timely objections. (Doc. # 80.) The court has conducted an independent and *de novo* review of those portions of the Recommendation to which objection is made. *See* 28 U.S.C. § 636(b). After careful review of the law and the record, the court finds that the objections are due to be overruled and the motions to dismiss granted.

Plaintiffs' objections present no basis for overruling the Recommendation. First, Plaintiffs argue that the Recommendation did not apply the correct standard of review. Not so. The Recommendation clearly accepts all factual matter as true and

then evaluates whether Plaintiffs have stated a plausible claim based on those facts. *See Ashcroft v. Iqbal*, 556 U.S. 662, 683 (2009).

Plaintiffs' next three objections relate to the Recommendation's conclusion that there was no constitutional violation here. But Plaintiffs cite no authority contradicting the Recommendation's well-supported legal conclusions that: (1) government actors have no duty to protect individuals from the conduct of private actors, (Doc. # 79, at 23) (citing *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989)); and (2) "'deliberate indifference' is insufficient to constitute a due-process violation in a non-custodial setting," (Doc. # 79, at 25) (quoting *Nix v. Franklin Cty. Sch. Dist.*, 311 F.3d 1373, 1377 (11th Cir. 2002)). And based on these propositions, Plaintiffs' fourth objection is due to be overruled, because it was not well-established that Defendants had a duty to protect Plaintiff Ronnie Elvington from the actions of private individuals. Thus, even if there were a constitutional violation, the individual defendants would be entitled to qualified immunity.

Plaintiffs' final objection is that the state-law claims should not be dismissed because the federal claims should not be dismissed. As discussed, dismissal of the federal claims is proper, and the court also finds it appropriate to dismiss the state-law claims under 28 U.S.C. § 1367. Thus, Plaintiffs' objections will be overruled and the Recommendation adopted.

It is ORDERED as follows:

(1)     Plaintiffs' objections (Doc. # 80) are OVERRULED.

(2)     The Recommendation (Doc. # 79) is ADOPTED.

(3)     Defendants Wilkes, Vickers, Sasser, Griffin, Jones, and Burns's motion to dismiss Counts I, II, and III (Doc. # 63) is GRANTED.

(4)     Defendants Russell County Department of Human Resources, Price, and Casteel's motion to dismiss Counts I, II, and III (Doc. # 65) is GRANTED.

(5)     All claims against the Russell County Department of Human Resources are DISMISSED with prejudice based on Plaintiffs' concessions.

(6)     The Phenix City Board of Education, Stamp, Patrick, Alexander, Baird, Donahue, Ellis, and Lawrence's motion to dismiss Counts I, II, and III (Doc. # 67) is GRANTED.

(7)     Plaintiffs' federal-law claims (Counts I, II, and III) are DISMISSED with prejudice.

(8)     Plaintiffs' state-law claims (Counts IV, V, VI, VII, and VIII) are DISMISSED without prejudice under 28 U.S.C. § 1367.

A separate final judgment will be entered.

DONE this 11th day of March, 2019.

                                               /s/ W. Keith Watkins
                               UNITED STATES DISTRICT JUDGE